IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TOM G. CLOWERS                                                                                              PLAINTIFF

v.                                        No. 5:15-CV-05260

KELLY CRADDUCK; JASON WOOD; CHARLES
"CHUCK" SNIDER; CHRIS C. SNIDER; CAPTAIN
CHRIS SPARKS; CAPTAIN LYNN HAHN; CAPTAIN
ANDY LEE, III; DOUG VANSCOY; NATHAN SMITH;
STEPHANIE MCLEMORE; ROGERS JUDGE PAUL
BRIDGES; SPRINGDALE JUDGE JEFF HARPER;
KATHY O'KELLY, Springdale Police Chief; MIKE
PETERS, Springdale Asst. Police Chief; D. TREAT,
Springdale Patrolman; and R. STEWART, Springdale
Patrolman                                                                                                   DEFENDANTS

**OPINION AND ORDER**

Before the Court are a motion for order: malicious prosecution with extreme prejudice and tort action for damages (Doc. 34), brief in support (Doc. 35), and supplement (Doc. 37) filed by Plaintiff Tom G. Clowers. Clowers moves for leave to file an amended complaint, for sanctions against some of Defendants' counsel, for appointment of a federal prosecutor to pursue criminal charges, to increase the number of interrogatories permitted during discovery, and to require that interrogatories be verified. Defendant Chris C. Snider has filed a motion to dismiss (Doc. 36) and response to the supplement (Doc. 37), both of which are filed in response to Clowers's motion to amend and for sanctions. Defendants Paul Bridges, Stephanie McLemore, and Nathan Smith have filed a response (Doc. 39) to Clowers's motion to amend and for sanctions.

Federal Rule of Civil Procedure 15(a)(2) counsels that "[t]he court should freely give leave [to amend the pleadings] when justice so requires." "[L]eave to amend may be denied for many reasons, including undue prejudice to the non-moving party, or futility of the amendment." *Friedman v. Farmer*, 788 F.3d 862, 869 (8th Cir. 2015) (quotation omitted). The Court will deny

1

leave to amend in this case because amendment would be futile. The addition of Rick Holland and Bruce Rutherford as defendants would be futile because Clowers makes no factual allegations against them. It appears that he seeks to bring these defendants into the lawsuit as the result of a discovery dispute. (Doc. 35, p. 1). Without factual allegations, there is no claim and Rule 12(b)(6) dismissal is proper. Because the amended complaint would be subject to dismissal, amendment would be futile. Similarly, the addition of new state law tort claims would be futile because, by separate order entered on this same date, the Court is dismissing all federal claims and declining to exercise supplemental jurisdiction over any remaining state law claims.

The Court has no authority to appoint a special prosecutor to pursue criminal charges against Defendants. *See United States v. Libby*, 429 F.Supp.2d 27, 32 (D.D.C. 2006) ("Taken together, [28 U.S.C. §§] 516 and 519 require that, 'except as otherwise authorized by law,' *the Attorney General* shall supervise and direct all litigation in which the United States is a party." (emphasis added)). To the extent Clowers's motion can be construed as a motion for appointment of counsel to pursue his civil case, because the Court is dismissing that case, the motion will be denied as moot.

Because the Court will in any case exercise its discretion not to impose sanctions, no analysis of whether Rule 11 was violated is necessary, and the motion for sanctions will be denied. Because the case is being dismissed, Clowers's motions regarding interrogatories will be denied as moot.

IT IS THEREFORE ORDERED that Plaintiff Tom G. Clowers's motion (Doc. 34) is DENIED.

IT IS FURTHER ORDERED that because the motion to amend the complaint has been denied, Defendant Chris C. Snider's motion to dismiss (Doc. 36) is DENIED AS MOOT.

IT IS SO ORDERED this 6th day of October, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE