IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TOM G. CLOWERS                                                                                    PLAINTIFF

v.                                      No. 5:15-CV-05260

KELLY CRADDUCK; JASON WOOD; CHARLES
"CHUCK" SNIDER; CHRIS C. SNIDER; CAPTAIN
CHRIS SPARKS; CAPTAIN LYNN HAHN; CAPTAIN
ANDY LEE, III; DOUG VANSCOY; NATHAN SMITH;
STEPHANIE MCLEMORE; ROGERS JUDGE PAUL
BRIDGES; SPRINGDALE JUDGE JEFF HARPER;
KATHY O'KELLY, Springdale Police Chief; MIKE
PETERS, Springdale Asst. Police Chief; D. TREAT,
Springdale Patrolman; and R. STEWART, Springdale
Patrolman                                                                                       DEFENDANTS

**OPINION AND ORDER**

Before the Court are a motion to dismiss (Doc. 14) filed by Defendants Paul Bridges, Stephanie McLemore, and Nathan Smith; a motion to dismiss (Doc. 17) filed by Defendant Doug Vanscoy; a motion to dismiss party (Doc. 21) filed by Defendants Kathy O'Kelly, Mike Peters, R. Stewart, and D. Treat; and a motion to dismiss (Doc. 26) for failure to state a claim filed by Defendant Chris C. Snider. The movants have also filed briefs in support. All motions seek dismissal on Rule 12(b)(6) grounds. No responses have been filed.

As an initial matter the Court must address a procedural issue. Defendants O'Kelly, Peters, Stewart, and Treat filed an answer (Doc. 19) prior to filing their Rule 12(b)(6) motion. Any Rule 12 motion asserting a 12(b) defense "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). An answer is a responsive pleading. Fed. R. Civ. P. 7(a)(2). If this motion had been filed on a different Rule 12(b) basis, the Court would deny it as disallowed. However, failure to state a claim upon which relief can be granted is also a basis for relief under Rule 12(c), which allows a post-answer motion for judgment on the pleadings.

1

Because the grounds for dismissal set out in the motion have merit, the Court will construe the motion to dismiss as a Rule 12(c) motion. *Cf. Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 703–04 (10th Cir. 2014) (adopting Third Circuit approach of overlooking any error in a district court's treatment of Rule 12(b)(6) motion as Rule 12(c) motion because decision not to require defendants to technically comply with the Rules and file a new motion did not affect substantive rights of the parties).

Though the remaining Defendants—Kelly Cradduck, Jason Wood, Charles "Chuck" Snider, Captain Chris Sparks, Captain Lynn Hahn, Captain Andy Lee, III, and Springdale Judge Jeff Harper—have not filed motions to dismiss, they have filed answers (Docs. 13, 23) raising as affirmative defenses failure to state a claim and various immunities. Because the motions to dismiss have given Clowers adequate notice that the sufficiency of his allegations is in dispute, and because the immunity defenses, if applicable, shield against suit rather than merely against liability, the Court will sua sponte consider whether judgment on the pleadings is appropriate for the answering Defendants. *See Smith v. Boyd*, 945 F.2d 1041, 1042–43 (8th Cir. 1991) (recognizing that district courts have the power to sua sponte dismiss a complaint for failure to state a claim).

### I.     Legal Standard

In ruling on a motion to dismiss, the Court must "'accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party.'" *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* "Though pro se complaints are to be construed liberally, they must still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted). The Court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court may also consider matters of public record and materials necessarily embraced by the pleadings that do not contradict the complaint. *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). The standards for a Rule 12(b)(6) motion for failure to state a claim apply to a Rule 12(c) motion for judgment on the pleadings. *Mickelson v. Cnty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016).

**II.     Analysis**

Clowers makes factual allegations against several parties and identifies several legal theories under which he seeks recovery. Read in a light most favorable to Clowers, the complaint alleges that he was the victim of arrest and malicious prosecution undertaken without probable cause. The Court reads this complaint primarily as asserting a cause of action under 42 U.S.C. § 1983 for deprivation by state actors of Clowers's Fourth Amendment rights.[1]  *Cf. Zackary Lee*

---

[1] Clowers also alleges the existence of a conspiracy to deprive him of rights, which in some cases might be actionable under 42 U.S.C. § 1985. In this case, however, Clowers has not alleged any facts from which the Court could infer that the purpose of the conspiracy involved an "invidiously discriminatory animus," which is a necessary element of a § 1985 action. *See Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (quoting *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)). Any conspiracy claims raised under § 1985 are subject to dismissal.

*Stewart v. Karl Wagner*, --F.3d--, 2016 WL 4728039, *3 (8th Cir. Sept. 12, 2016) ("Therefore, a § 1983 plaintiff's claim that he was arrested or prosecuted without probable cause, even if labeled a claim of malicious prosecution, must be judged under the Fourth Amendment, not substantive due process." (quotation omitted)). The Court has subject matter jurisdiction over this civil rights action pursuant to either 28 U.S.C. § 1331 or § 1343. Clowers also identifies some state law causes of action over which the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Because Clowers's complaint is organized by party rather than by cause of action, the Court's analysis will also proceed by party. "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). Clowers has not set out whether he is suing the Defendants in their official or individual capacities, so all Defendants who held an office are presumably sued in their official capacities. To prevail on official capacity § 1983 claims, Clowers must show that the entity for which the Defendant is an officer has a custom or policy that played a part in the violation giving rise to the suit. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Clowers has not alleged any facts from which the Court could infer that any Defendant's office had a custom or policy that played a part in the purported deprivation of rights. This alone provide a grounds for dismissal of most of Clowers's claims. However, even assuming Clowers is proceeding against Defendants in their individual capacities, his claims must be dismissed for the reasons set forth below.

### A.　Kelly Cradduck

Clowers alleges that Kelly Cradduck is liable "[f]or recording an interview with the news media, saying 'Evidently he [Clowers] was targeting drivers who were not wearing seat belts'!

This was knowingly filing of a false police report and conspiracy to file a false police report." (Doc. 1-1, p. 2) (emphasis omitted). He also alleges that "Sheriff Cradduck's lies to the media," to which Clowers could not respond, resulted in a violation of Clowers's First Amendment right to free speech. (Doc. 1-3, p. 1).

The First Amendment does not confer upon a person the right to respond in the media to statements made about him, nor is the Court aware of any federal or state law or regulation presently in effect that confers such a right. With respect to the false police report allegations, there are no allegations that Cradduck was directly involved in Clowers's arrest, but only that he made statements to the media, nor are there any factual allegations from which the Court could reasonably infer Cradduck entered into any conspiracy with other Defendants. *See Marti v. City of Maplewood, Mo.*, 57 F.3d 680, 685 (8th Cir. 1995) (requiring allegations of agreement that would show conspiracy to be made with "particularity"). Clowers has alleged no facts giving rise to a claim against Cradduck, and Clowers's claims against Cradduck must be dismissed.

### B.   Jason Wood

Clowers alleges that Jason Wood is liable for knowingly filing a false police report, obstruction of government operations, battery, and violating "8 out of the ten bill of rights given by law." (Doc. 1-1, pp. 1–2). In addition to these conclusory allegations, Clowers alleges that Wood took a false police report from Chris Snider; came to Clowers's house and notified him of a complaint that Clowers, who was not at that time a sworn law enforcement officer, made a traffic stop; later came back to Clowers's home with a search warrant, which he did not allow Clowers to read; arrested Clowers and had him taken to jail; searched Clowers's property, displayed it to the media, and seized it; and visited Clowers in jail and said "it will go better for you if you just go ahead and admit it." (Doc. 1, pp. 2–4). Clowers also alleges that Wood failed to adequately

investigate the complaining witness (Doc. 1, p. 4); had been reprimanded and suspended at a previous job for lying on police reports (Doc. 1, p. 5); and lied on the police report concerning Clowers "to further his status with the new Sheriff Kelly Cradduck." (Doc. 1-2, pp. 1–2). Finally, Clowers alleges that Wood violated his Constitutional rights by not letting Clowers respond to the media which was at his house during his arrest; seizing Clowers's firearms at that time; searching Clowers's house and seizing property; telling Clowers he should admit to criminal charges; not bringing the complaining witness to confront Clowers; and telling Clowers that the burden would be on him to prove he did not commit the crime. (Doc. 1-3, pp. 1–2).

These motions to dismiss and for judgment on the pleadings include the arrest warrant (Doc. 14-2) for Clowers, which is "necessarily embraced by the pleadings." *Greenman*, 787 F.3d at 887. Clowers alleges that Wood brought a search warrant to the arrest. There are no factual allegations from which the Court could draw a reasonable inference that Wood knew Snider's police report was false. Arrests and searches pursuant to a warrant are permissible. Clowers has no right to respond in the media to statements made about him. The right to be confronted with witnesses and the burden of proof do not pertain until a criminal trial. Telling Clowers he should admit to the charges did not compel him to act as a witness against himself. Seizing evidence of a crime, whether it be firearms or other property, is permissible pursuant to a warrant. On these facts there is no violation of rights, and Clowers's claims against Wood must be dismissed.

### C.   Charles "Chuck" Snider and Chris C. Snider

Clowers alleges that Charles Snider is liable for "conspiracy to file a false police report," as well as for knowing that his son Chris had a prior conviction of impersonating an officer and so was not a credible witness. (Doc. 1-1, p. 2). Clowers alleges that after the events in this case, and because of his participation, Charles Snider was hired as a Bentonville County Deputy Sheriff.

6

(Doc. 1-2, p. 1). From these allegations, the Court infers that Charles Snider did not hold any office at the time of the underlying events,[2] and there are insufficient allegations from which the Court could infer that Charles Snider was a state actor. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor."). Any § 1983 claims against him must therefore be dismissed. The Court is aware of no cause of action arising out of the allegation that Charles Snider knew Chris Snider was not a credible witness, and there are no factual allegations that raise Clowers's conclusory allegation about a conspiracy above the speculative level. Clowers's claims against Charles Snider must be dismissed.

Clowers also alleges that Chris Snider made a false police report accusing Clowers of impersonating a police officer, unlawfully using blue lights, and making a traffic stop. (Docs. 1, pp. 2–3; 1-2, p. 1 (identifying Chris Snider as the "witness")). Like his father, Chris Snider was not a state actor and is not liable under § 1983, and there are insufficient factual allegations to raise any conspiracy claims against Chris Snider above the speculative level. Clowers's claims against Chris Snider must be dismissed.

**D.     Captain Chris Sparks**

Clowers alleges that Captain Chris Sparks is liable for knowingly approving a false police report filed by Jason Wood. (Doc. 1-1, p. 2). Clowers alleges that Sparks had proof of Wood's dishonesty. *Id.* Read fairly, that proof seems to be that Sparks knew that Wood did not investigate

---

[2] On September 30, 2016, Clowers filed a supplement (Doc. 37) that moved for disqualification of Rainwater, Holt & Sexton, P.A. as counsel to Charles Snider on the grounds Charles Snider was not a Benton County deputy at the time of the alleged misconduct. The Court does not rely on the supplement in entering this order, but merely notes that the argument in that supplement is consistent with the allegations in the complaint that reveal Charles Snider was not a state actor.

Chris Snider's background when taking Snider's police report. (Doc. 1, p. 4). These allegations fail to state a claim upon which relief can be granted, and Clowers's claims against Sparks must be dismissed.

### E.    Captain Lynn Hahn and Captain Andy Lee, III

Clowers makes conclusory allegations that Captain Lynn Hahn and Captain Andy Lee, III, are liable for obstruction of government operations and for requiring arrest quotas. (Doc. 1-1, p. 2). Because there are no factual allegations in support of these claims, they do not rise above the speculative level. Clowers also alleges that Lee "ransacked" Clowers's home and seized his property. (Docs. 1, p. 3; 1-3, p. 1). Clowers also alleges that he was not allowed to read a warrant Wood brought to his house just prior to these events occurring. (Doc. 1, p. 3). There is no factual allegation from which the Court could infer that Lee knew the warrant was based on a false police report, and conducting a search and seizure pursuant to a valid warrant is not a violation of rights. Clowers's claims against Hahn and Lee must be dismissed.

### F.    Doug Vanscoy

Clowers alleges that Doug Vanscoy, engaged in a conspiracy to file a false police report. (Doc. 1-1, p. 2). Clowers alleges that Vanscoy, a competing process server, made a phone call on January 18th, 2013, describing Clowers in detail, and that this phone call must have been made to Charles and Chris Snider, with the intent that Clowers be falsely arrested, thereby eliminating Vanscoy's business competition. (Docs. 1, pp. 1, 3; 1-2, p. 1). Process servers are not state actors; the allegations, if true, reveal that Vanscoy was acting for his own benefit rather than at the behest of the state; and there are insufficient facts alleged to support the conclusory statement that Vanscoy participated in a conspiracy to falsely arrest Clowers. Like his claims against the Sniders, Clowers's claims against Vanscoy must be dismissed.

### G. Nathan Smith

Clowers alleges that Nathan Smith obstructed Clowers's Freedom of Information Act (FOIA) request concerning false police reports filed by Jason Wood. (Doc. 1-1, p. 3). Clowers does not make any factual allegation in support of his conclusion that his request was obstructed. Exhibits (Docs. 14-6, 14-7, 14-8) attached to Smith's motion for judgment on the pleadings reveal that Clowers made a FOIA request and that Smith answered it, and Clowers has not contested the legitimacy of these exhibits, which are "necessarily embraced by the pleadings." *Greenman*, 787 F.3d at 887. Because the complaint does not raise Clowers's claims against Smith above the speculative level, those claims must be dismissed.

### H. Stephanie McLemore

Clowers alleges that Benton County prosecutor Stephanie McLemore engaged in a conspiracy to file a false police report, prosecuted him on charges of impersonation of a police officer and unlawful operation of blue lights, was uncooperative with discovery, relied on a witness whose testimony was not credible, and dropped charges against Clowers. (Docs. 1, p. 4; 1-1, p. 2). Ignoring the factually-unsupported conclusion (which fails to state a claim) that McLemore engaged in a conspiracy to file a false police report, the factual allegations accuse her of acting as a prosecutor. A prosecutor is absolutely immune from suit for any conduct undertaken in her role as an advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Clowers's claims against McLemore must be dismissed.

### I. Rogers Judge Paul Bridges and Springdale Municipal Judge Jeff Harper

Clowers alleges that Bridges imposed bail of $2,500 upon Clowers for felony and misdemeanor charges for which he was not convicted, violating his Eighth Amendment rights; and that that Bridges removed Clowers's name from the list of process servers at the Rogers District

Court. (Docs. 1-1, p. 3; 1-3, p. 1). Judges have absolute immunity "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The allegations against Bridges are protected by this immunity, and Clowers's claims against Bridges must be dismissed.

Clowers alleges that Harper obstructed government operations while allowing Clowers's civil rights to be violated, "all the while publicly stating that [Harper] knew that [Clowers] was innocent." (Doc. 1-1, p. 3). These conclusory allegations do not state a claim upon which relief can be granted. Furthermore, the only reasonable inference to be drawn from the allegations is that Clowers is complaining of actions Harper took as a judge. Just as is the case with Bridges, Harper has absolute immunity for these acts, and Clowers's claims against Harper must be dismissed.

        **J.**        **Springdale Police Chief Kathy O'Kelly, Springdale Assistant Police Chief Mike Peters, Springdale Patrolman D. Treat, and Springdale Patrolman R. Stewart**

Clowers conclusorily alleges that these Defendants obstructed government operations of the Springdale Police Department while abusing Clowers's constitutional rights. (Doc. 1-1, p. 3). The sole factual allegation that might implicate these parties alleges that a Springdale police officer transported Clowers to the Springdale City Jail while two other Springdale officers searched and seized Clowers's property. (Docs. 1-1, p. 3; 1-3, p. 1). As with Defendant Lee, a warrant was involved and there are no allegations that any of these Springdale police officers knew that the police report against Clowers was false or that the warrant they were relying on was based on inaccurate information. Allegations that these officers arrested Clowers and searched and seized his property pursuant to a warrant do not state a claim upon which relief can be granted, and the Clowers's claims against O'Kelly, Peters, Treat, and Stewart must be dismissed.

K. **Remaining State Law Claims**

To the extent that Clowers might have alleged facts giving rise to a state law cause of action against any Defendant, the Court is dismissing all claims over which it has original subject matter jurisdiction and pursuant to 28 U.S.C. § 1367(c)(3) will decline to exercise jurisdiction over the state law claims. All state law claims will be dismissed.

III. **Motion for Sanctions**

Chris C. Snider has filed a motion (Doc. 33) for Rule 11 sanctions, arguing sanctions should be imposed against Clowers for filing a frivolous complaint. Because the Court will in any case exercise its discretion not to impose sanctions, no analysis of whether Rule 11 was violated is necessary, and the motion for sanctions will be denied.

IV. **Conclusion**

IT IS THEREFORE ORDERED that Defendant Chris C. Snider's motion for sanctions (Doc. 33) is DENIED.

IT IS FURTHER ORDERED that Defendants' motions (Docs. 14, 17, 21, and 26) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Stephanie McLemore, Rogers Judge Paul Bridges, and Springdale Judge Jeff Harper are DISMISSED WITH PREJUDICE, and all remaining claims in this case are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 6th day of October, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE